IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAIME G. C. CABALCANTE, #44925-198 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv964 |
| | § | CRIMINAL ACTION NO. 4:09cr194(9) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

In a "Motion to Alter or Amend the Judgment" (Dkt. #19), *pro se* Movant Jaime Gonzalo Castiblanco Cabalcante asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

## I. MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the

1

correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

On March 31, 2020, the undersigned United States District Judge issued a Memorandum Opinion and Order in which Movant's § 2255 motion was denied and his case was dismissed with prejudice. In it, this Court found that the issues Movant raised were without merit (Dkt. #16). In the instant motion to alter or amend the judgment (Dkt. #19), Movant merely reasserts his contentions that the trial court erred in the handling of a jury note.

A review of the case shows that, in his § 2255 motion, Movant specifically claimed his counsel failed to render effective assistance when he did not ask the trial court to reconsider its denial of his motion for new trial concerning a jury note. In considering Movant's § 2255 motion, this Court noted that United States District Judge Marcia A. Crone thoroughly addressed the jury note in her Order denying the motion for new trial. Crim. ECF (Dkt. #978). In this Court's opinion denying Movant's § 2255 motion, the undersigned also thoroughly reviewed the issue and concluded that Movant's counsel was not ineffective for failing to file a motion for reconsideration concerning the jury note. (Dkt. #16, pp. 7-9). In the instant motion, Movant simply reasserts his prior arguments. He fails to show the decision denying his § 2255 motion was in error or that his constitutional rights were violated.

In sum, in the instant motion to alter or amend the judgment (Dkt. #19), Movant is simply

attempting to re-litigate old issues that have been properly considered and denied. *Sequa Corp.*, 156 F.3d at 144. Movant fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567. Accordingly, he fails to show he is entitled to relief.

### III. CONCLUSION

It is therefore **ORDERED** that Movant's Motion to Alter or Amend Judgment (#19) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 9th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE